# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENGINUITY, LLC,** | : | **CIVIL ACTION NO. 1:19-CV-159** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **VIEGA LLC,** | : | |
| **Defendant** | : | |

_____

| | | |
|---|---|---|
| **THE PLUMBER'S SHOP AND ASSOCIATES, LLC,** Individually and on Behalf of All Others Similarly Situated, | : | **CIVIL ACTION NO. 1:19-CV-681** |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| v. | : | |
| **VIEGA LLC,** | : | |
| **Defendant** | : | |

_____

| | | |
|---|---|---|
| **AL'S DISCOUNT PLUMBING, LLC,** Individually and on Behalf of All Others Similarly Situated, | : | **CIVIL ACTION NO. 1:19-CV-685** |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| v. | : | |
| **VIEGA LLC,** | : | |
| **Defendant** | : | |

_____

| | | |
|---|---|---|
| **ACCURATE BACKFLOW AND PLUMBING SERVICES, INC.,** and **HOMESTEAD HEATING & PLUMBING, LLC**, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : | **CIVIL ACTION NO. 1:19-CV-822** (Chief Judge Conner) |
| Plaintiffs | : : | |
| v. | : : | |
| **VIEGA LLC,** | : : | |
| Defendant | : | |

| | | |
|---|---|---|
| **RYAN PLUMBING, INC.,** and **AIRIC'S HEATING & AIR CONDITIONING, INC.**, Individually and on Behalf of All Others Similarly Situated, | : : : : : : | **CIVIL ACTION NO. 1:19-CV-826** (Chief Judge Conner) |
| Plaintiffs | : : | |
| v. | : : | |
| **VIEGA LLC,** | : : | |
| Defendant | : | |

| | | |
|---|---|---|
| **PRIME SOURCE PLUMBING & HEATING CORP.**, Individually and on Behalf of All Others Similarly Situated, | : : : : : | **CIVIL ACTION NO. 1:19-CV-842** (Chief Judge Conner) |
| Plaintiffs | : : | |
| v. | : : | |
| **VIEGA LLC,** | : : | |
| Defendant | : | |

# ORDER

AND NOW, this 15th day of July, 2019, upon consideration of the joint application (Doc. 35) for appointment as interim co-lead class counsel and liaison counsel for the indirect purchaser class, and it appearing that defendant concurs in the joint application, (Doc. 37), it is hereby ORDERED that:

1. The joint application (Doc. 35) for appointment of interim counsel is GRANTED.

2. **Lead Counsel**. The following individuals shall serve as Co-Lead Interim Counsel for the Indirect Purchasers:

    Fred T. Isquith
    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
    270 Madison Avenue
    New York, NY 10016
    (212) 545-4600

    Elizabeth C. Pritzker
    PRITZKER LEVINE LLP
    180 Grand Avenue, Suite 1390
    Oakland, CA 94612
    (415) 692-0772

3. **Liaison Counsel**. The following individual shall serve as Liaison Counsel for the Indirect Purchasers:

    Walter W. Cohen
    OBERMAYER, REBMANN, MAXWELL, & HIPPEL, LLP
    Suite 400
    200 Locust Street
    Harrisburg, PA 17101
    (717) 221-7920

4. **Role of Counsel**. Counsel appointed in the preceding paragraphs shall serve the following functions:

    a. **Duties of Lead Counsel**. Lead Counsel shall perform at least the following functions on behalf of the Indirect Purchasers:

        i. Supervise all trial, pretrial, and post-trial proceedings.

ii. Prepare, file, and sign all pleadings, motions, and briefs on behalf of plaintiffs responding to such documents filed by the defendant.

iii. Designate attorneys to act as spokespersons during pretrial conferences and other court proceedings.

iv. Conduct discovery, including the retention of expert witnesses.

v. Convene meetings among plaintiffs' counsel and appear on behalf of plaintiffs at court hearings and conferences.

vi. Prepare monthly cost reports as required by paragraph 5 and transmit them to defendant's counsel.

vii. Delegate workload among plaintiffs' counsel.

viii. Negotiate and enter into stipulations with defense counsel with regard to all matters arising during this litigation, including matters such as discovery, mediation, and settlement negotiations.

ix. Retain and consult with experts.

x. Communicate with defense counsel and the court as necessary to promote efficient resolution of this matter.

b. **Duties of Liaison Counsel**. Liaison Counsel shall perform at least the following functions:

   i. **Document Retention**. Liaison Counsel shall maintain files of all the documents served upon them in the above-captioned matters. Liaison Counsel shall make such documents available to members of the plaintiff group upon reasonable request unless the documents requested are at a document repository.

   ii. **Substitute Lead Counsel**. Unless otherwise directed by the court, Liaison Counsel shall attend all court proceedings. In the absence of Lead Counsel, the court will expect Liaison Counsel to assume the duties of Lead Counsel at any court proceeding.

iii. **Communicate with the Court**. Liaison Counsel shall be responsible for communicating with the court on behalf of the Indirect Purchasers as to scheduling matters.

5. **Monthly Cost Reports**. Co-Lead Counsel shall prepare monthly cost reports summarizing all fees and expenses incurred as a result of this matter. Reports shall be served upon defendant's counsel on or before the tenth day of each month and shall enumerate all tasks performed during the preceding calendar month. Reports shall list the number of hours expended on each task, the ordinary billing rate of the individual(s) responsible for it, and the total cost of its completion. Reports shall also include monthly and aggregate totals of all time, fees, and expenses incurred through the last day of the preceding month. The first such report shall be due on **September 10, 2019**. Reports required by this paragraph shall not be filed on the docket unless the court directs otherwise.

6. **Preservation of Privileges**. No communication among plaintiffs' counsel shall be construed as a waiver of any privilege or protection to which the communication would otherwise be subject.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania